UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 21-376(DSD/BRT)

John L. Berman,

             Plaintiff,

v.                                                **ORDER**

Paul Ablan, Debbie Toberman,
and Minnesota Lawyers Mutual
Insurance Co.,

             Defendants.


        John L. Berman, P.O. Box 72101, Davis, CA 95617, plaintiff
        pro se.

        Barry A. O'Neil, Esq. and Lommen Abdo, PA, 1000 International
        Centre, 920 Second Avenue South, Minneapolis, MN 55402,
        counsel for defendants.


        This matter is before the court upon the motion to dismiss by

defendants Minnesota Lawyers Mutual Insurance Co. (MLM), Paul

Ablan, and Debbie Toberman and the application for an order to

show cause and motion for preliminary injunction by pro se

plaintiff John Berman.  Based on a review of the file, record, and

proceedings herein, and for the following reasons, the motion to

dismiss is granted, and the remaining motions are denied as moot.


                          **BACKGROUND**

        This dispute arises out of Berman's interest as a beneficiary

of a Maryland trust called the Bella U. Berman Living Trust

(Trust).  David Modell, court-appointed trustee of the Trust, is insured with MLM.  Toberman and Ablan are MLM employees.

Berman appears to have long been frustrated with Modell.  In 2013, Berman sued Modell in the Eastern District of California alleging various tort claims centered on Modell's administration of the Trust.  See Berman v. Modell, No. 2:13-cv-565, 2013 WL 5703352 (E.D. Cal. Oct. 16, 2013).  The case was transferred to the District of Maryland and later dismissed for failure to state a claim.  Id. at *9.  The Fourth Circuit Court of Appeals affirmed. See Berman v. Modell, 614 F. App'x 685 (4th Cir. 2015).

In 2014, Berman filed a second lawsuit against Modell in California state court, alleging similar claims.  See Berman v. Modell, No. A149771, 2018 WL 5817085 (Cal. Ct. App. Nov. 7, 2018). The court dismissed the case for lack of personal jurisdiction and the appellate court affirmed.  Id.

As Modell's insurer, MLM paid Modell's legal fees incurred in defending Berman's lawsuits.  To recoup those fees, MLM filed a subrogation claim against the Trust.  Am. Compl. ¶ 21.  MLM told the Maryland court overseeing the Trust that it did not object to "partial distribution" of the Trust assets "provided that an amount sufficient to satisfy MLM's subrogation claim remains in the Trust until litigation on MLM's subrogation claim is concluded with finality."  Kuhl Decl. Ex. 1, at 5.

In 2018, Berman sued MLM in California state court challenging the subrogation claim.  See Berman v. Minn. L. Mut. Ins. Co., No. A155394, 2020 WL 593388, at *2 (Cal. Ct. App. Jan. 31, 2020).  The court stayed the case pending resolution of proceedings in the underlying Maryland trust case, and the California court of appeals affirmed.  Id.  Berman then filed another suit against MLM in Iowa state court alleging extortion.  Kuhl Decl. Ex. 2.  The court dismissed the case for lack of jurisdiction.  Id.

In 2019, Berman filed another suit against MLM, this time in Hennepin County, alleging abuse of process and extortion.  Kuhl Decl. Ex. 3.  The court dismissed the action for failure to state a claim and based on collateral estoppel.  Id.  The Minnesota Court of Appeals dismissed Berman's subsequent appeal after he was denied in forma pauperis status (IFP) and failed to pay the filing fee. Berman then sued the Chief Judge of the Minnesota Court of Appeals and the Chief Justice of the Minnesota Supreme Court in this court, challenging the constitutionality of the Minnesota IFP statute. Berman v. Segal, No. 20-cv-1199, 2020 WL 4018217, at *1 (D. Minn. July 16, 2020).  The court sua sponte dismissed the action as frivolous.  Id.

Berman commenced the instant action in February 2020 and filed an amended complaint soon thereafter.[1]  He alleges that MLM,

_____

[1]  After filing this suit, Berman filed another lawsuit in federal court in the District of Columbia against Kristin Draper,

3

Toberman, and Ablan violated the Racketeer Influenced and Corrupt Organizations Act (RICO) and engaged in the abuse of process. Am. Compl. at 2-5. Berman specifically asserts that defendants prevented lawful Trust distributions by demanding a portion of Trust assets through the subrogation claim. Id. at 2. Other than asserting that Toberman said "[w]e want our money," Berman does not allege specific conduct by Toberman or Alban vis-à-vis his claim.[2] Id. at 7. Berman seeks declaratory and injunctive relief, as well as treble damages under RICO. Defendants now move to dismiss on various grounds, and Berman moves for an order to show cause and for a preliminary injunction.

## DISCUSSION

As a threshold matter, defendants argue that Berman's claims are precluded because he has already litigated this matter on the merits. The court agrees.

The doctrine of res judicata prevents the re-litigation of claims on grounds that were raised or could have been raised in a prior suit. Banks v. Int'l Union Elec., Elec., Tech., Salaried and Mach. Workers, 390 F.3d 1049, 1052 (8th Cir. 2004). Res

---

a lawyer for the trustee. See ECF No. 36-1. As here, Berman alleges that Draper violated RICO. See id.

[2] At the hearing on this matter, Berman conceded that he has never interacted with Ablan.

judicata bars a claim if "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." Yankton Sioux Tribe v. U.S. Dept. of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008). All elements of res judicata are satisfied here.

Although Berman has filed many previous lawsuits relating to the Trust, the court will focus on the Hennepin County action. In that case, Judge Kevin Burke dismissed Berman's complaint - which included claims for abuse of process and extortion against MLM - with prejudice for failure to state a claim and based on collateral estoppel. See Kuhn Decl. Ex. 3.

First, Judge Burke's dismissal of Berman's claim constitutes a final judgment on the merits. See Ruple v. City of Vermillion, S.D., 714 F.2d 860, 862 (8th Cir. 1983) ("[A] judgment entered on a motion to dismiss or for summary judgment is just as binding as a judgment entered after a trial of the facts."). Berman's disagreement with the outcome does not undermine its finality. See Anderson v. City of St. Paul, Minn., 849 F.3d 773, 779 (8th Cir. 2017) (quoting State v. Joseph, 636 N.W.2d 322, 329 (Minn. 2001)) ("[A] litigant's disagreement with a legal ruling does not necessarily mean that the court denied the litigant a full and fair opportunity to litigate a matter.").

Second, there is no dispute that Judge Burke had jurisdiction to adjudicate the case. Third, Ablan and Toberman are in privity with MLM because Berman alleges that they acted solely as MLM employees and on MLM's behalf. Given their identity of interest, the court is satisfied that Ablan and Toberman were adequately represented by MLM's counsel in the Hennepin County action and are in privity with MLM for purposes of res judicata. See Daley v. Marriott Int'l, Inc., 415 F.3d 889, 897 (8th Cir. 2005) ("We focus not on the nature of their relationship in general, but on the identity of their interests in [the previous case]."); U.S. ex rel. The Yankton Sioux Tribe v. Gambler's Supply, Inc., 925 F. Supp. 658, 664 (D.S.D. 1996) ("Although there is no strict test for privity, the linchpin is whether the non-party was adequately represented in the original action.").

Finally, the claims raised here involve some of the same legal theories and arise from the same operative facts underlying the Hennepin County case. Berman's failure to pursue all arguments available to him in that case does not save his claims here. "The doctrine of res judicata dictates that any right, fact, or matter expressly or directly adjudicated on the merits before a court of competent jurisdiction is conclusively settled and 'may not be relitigated by the parties to the previous action, whether the claim, demand, purpose or subject matter would or would not be the same as that in the previous litigation.'" King v. Hoover Grp.,

Inc., 958 F.2d 219, 223 (8th Cir. 1992) (citation omitted); see also Lovell v. Mixon, 719 F.2d 1373, 1376 (8th Cir. 1983) ("[R]es judicata or claim preclusion bars the relitigation of issues which were actually litigated or which could have been litigated in the first suit."). Indeed, the "pertinent question is whether the second claim is based on subsequent legal or factual events that produce a different nucleus of operative facts, not whether those events inspire new legal theories of recovery or provide additional evidence supporting the previously rejected claim." U.S. v. Bala, 948 F.3d 948, 951 (8th Cir. 2020). Here, Berman complains about the same conduct and relies on the same operative facts as he did in the Hennepin County action. As a result, Berman's claims are precluded and must be dismissed.[3]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   The amended motion to dismiss [ECF No. 16] is granted;

---

[3] The doctrine of collateral estoppel likewise bars Berman's claim. Under collateral estoppel, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Twin City Pipe Trades Serv. Ass'n, Inc. v. Wenner Quality Servs., Inc., No. 14-cv-292, 2015 WL 5165350, at *3 (D. Minn. Sept. 3, 2015).

2.    The motion for order to show cause [ECF No. 25] is denied;

3.    The substituted motion for preliminary injunction [ECF No. 31] is denied; and

4.    The action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 7, 2021

s/David S. Doty
_____
David S. Doty, Judge
United States District Court
